UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

BANCO DE SEGUROS DEL ESTADO

   Plaintiff,

  v.

                Case No. 06 CV 2427 (RCC)

INTERNATIONAL FINANCE
CORPORATION,

   Defendant.

------------------------------------------------------


## BANCO DE SEGUROS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT, INTERNATIONAL FINANCE CORPORATION'S MOTION TO DISMISS

Jorge W. Moreira  (JM- 2508)
Moreira and Associates, PLLC
130 W. 42nd St. Suite 714
New York, NY 10036
(212)398-8600

Attorneys for Plaintiffs

# TABLE OF CONTENTS

Table of authorities ……………………………….. …………………………….i

Background …………………………………………………………………….. 1

Argument

I.     Defendant IFC Has Waived Immunity……………………..……... 2

II.    This Court Has Subject Matter And In Personam Jurisdiction
Over Defendant IFC……………………………………………….3

III.   Venue is proper in New York …………………………………….5

IV.   Plaintiffs Have Stated A Proper Cause of Action Under
Uruguayan Law And Have Provided Sufficient Notice Of
Foreign Law…………………………………………….………… 6

      A.     Negligence Under Uruguayan Law ………………………7

      B.     Economic Group, Vicarious Liability and Disregard
           Of The Corporate Entity………………………………… ..8

      C.     Pursuant To The Federal Rules, Plaintiffs Provided
           Proper Notice Of Foreign Law…………………………..9

V.     This Court May Fairly Resolve This Case Without Mandatory
Joinder Of Other Parties………………………………………….9

VI.   Service of Process Was Timely……………………………………10

Conclusion ………………………………………………. …………………………11

# TABLE OF AUTHORITIES

**Cases**

*Bigelow v. Old Dominion Copper Mining and Smelting Co.,*
    255 U.S. 111, 32 S.Ct. 641 (1912)........................................................10

*Byrne v. Cooper,*
    11 Wn App 549; 523 P. 2d 1216 (1974) ..................................................9

*Citizen Band Potawatomi Indian Tribe v. Collier,*
    17 F.3d 1292, 1293, 1994 U.S. App. LEXIS 3301 (10th Cir.1994)..................9

*Davis v. Monroe City Bd. Of Education,*
    526 US 629, 633, 119 S. Ct. 1661 (1999)................................................6

*Dawavendewa v. Salt River Project Agric. Imprv. & Power Dist.,*
    276 F. 3d 1150, 1155, 2002 U.S. App. LEXIS 4 (9th Cir. 2002)...................10

*George Abu Nassar et al. v Elders Futures Inc,*
    88 CV 7906 USDC- SDNY (1991)........................................................2

*Gonzalez v. U.S.,*
    284 F. 3d 281, 299, 2002 U.S. App.. LEXIS 7538 (1st Cir. 2002)..................4

*Hickey v. O'Bannon,*
    287 F.3d 656,657, 2002 U.S. App. LEXIS 7538 (7th Cir. 2002). ..................6

*In the Matter of Concesionaria DHM S.A. v. IFC USDC,*
    03 CV 845 USDC- SDNY ..................................................................6

*Lawlor v. National Screen Service Corp.,*
    349 U.S. 322, 75 S. Ct 865 (1955).......................................................10

*Luckett v. Bure,*
    290 F.3d 493, 496-7, 2002 U.S. App LEXIS 9542 (2d Cir. 2002). ................4

*Lutcher S. A. Celulose E Papel and F. Lutcher Brown, Appellants, v.
Inter-American Development Bank,*
    127 U.S. Ap.. D.C. 238, 7, 382 F.2d 454, 456 (D.C. Cir. 967).....................3

*Madison Hughes v. Shalala,*
    80 F.3d 1121, 1130, 1996 FED App. 0112P (6th Cir. 1996)........................4

*Medina-Claudio v. Rodriguez Mateo,*
    292 F.3d 31, 34, 865 S.Ct. 1394, 1396 (1st Cir. 2002)..............................6

*Pure Oil Co. v. Suarez,*
    384 U.S. 202, 204, 865 S. Ct. 1394, 1396 (1996)…………………………………5

*Reiss v. Societe Centrale,*
    98 CV 8302 USDC SDNY (2003)…………………………………………………3

*Temple v. Synthes Corp,*
    498 U.S. 5, 111 S. Ct. 315 (1990)………………………………………………10

## Statutes and Rules

FRCP 19………………………………………………………………………………10

22 USCS §282…………………………………………………………………………2

28 U.S.C. §1331………………………………………………………………………..5

28 USC §1330…………………………………………………………………………3

28 U.S.C. §1391………………………………………………………………………..5

28 U.S.C. 1605………………………………………………………………………3

## Other Authorities

Decision of Uruguayan Judge Rodriguez de Mascardi……………………………………8

In order to avoid repetition, we incorporate here by reference the background statement offered by movant in its Stiegwardt moving papers, regarding the International Finance Corporation ("IFC"), in Point 1 at Page 3, with the exception that while we admit that IFC's principal office is located in Washington DC, we do not admit that it is its only office in the United States. Plaintiffs have ascertained that IFC is registered as a corporation doing business in the state of New York, and provided the New York Secretary of State with an address for Service, which up to this date, remains unmodified.

The defendant, IFC, purchased some years ago a 9.16% interest in a bank in Uruguay known as Banco de Montevideo. Banco de Montevideo issued notes in the international markets, and in the issuing prospectus submitted to the jurisdiction of any federal or state court in the borough of Manhattan, in the city of New York. It also took deposits directly and through other subsidiaries and affiliates, in Uruguay, Argentina, Paraguay, and Brazil. Plaintiffs herein are unpaid bondholders and depositors, creditors of Banco de Montevideo, whose claims against IFC arise out of Uruguayan Law.

Banco de Montevideo was the flagship of what has been called "The Velox Group," an economic group as found by Judge Teresita Rodriguez de Mascardi. On or about 2001, the government of Uruguay discovered that illegal operations were taking place at Banco de Montevideo, and large sums were taken from the public and dispersed through fraudulent transfers to other companies of the group, including large unsecured personal loans to insiders which were never repaid. Finally, on 12/31/02, Banco de Montevideo was liquidated by the government of Uruguay, a large fraud was detected and several officers and shareholders were indicted and jailed. Some remain in jail.

1

Many people and companies lost their deposits, their lives' savings and their working capital. Some of those victims are suing here against the IFC as a shareholder of Banco de Montevideo. Plaintiffs seek to pierce the corporate veil of Banco de Montevideo and hold IFC responsible for breach of its duties under Uruguayan law. Because Banco Montevideo is a corporation organized in Uruguay and because the acts complained of occurred in Uruguay, Plaintiffs apply Uruguayan law to pierce the corporate veil under the authority of *George Abu-Nassar et al. v Elders Futures Inc*, 88 CV 7906 USDC- SDNY (1991).

Suit was commenced in New York based on the share subscription agreement which includes a New York Jurisdiction clause, a New York Jurisdiction clause included in the Notes under which many of the bondholders, including Banco de Seguros del Estado are suing, and finally because New York is a competent jurisdiction where IFC has appointed an agent for service (Secretary of State) under the terms of its own Articles of Agreement.  (Art. VI, §3)

ARGUMENT

## I. Defendant Has Waived Immunity.

Defendant IFC does not enjoy a blanket immunity, as evidenced by its own Articles of Agreement, by 22 USCS §282(f)(Jurisdiction and Venue of Actions), and by the fact it has defended lawsuits in various U.S. District courts.  In the present case, the only immunity enjoyed by Defendant is one from "trial by jury" pursuant to §5.06(c) of the Put Option and Tag Along Agreement between IFC and the Jorge, Dante, and Juan Peirano along with Detix and Coompagnie D'Investissements of 11/23/01, attached hereto as Exhibit 1.

It is well settled law that IFC loses immunity by express waiver. 22 USCS 288 And in fact, Defendant's express waiver of immunity in its Articles of Agreement applies to the present

case. The U.S. Court of Appeals for the District of Columbia Circuit, interpreting language found in the Articles of Agreement of the Inter-American Development Bank, held that that the provision, "actions may be brought against the bank" was an express waiver and allowed for "suit by bondholders, creditors, and beneficiaries of its guarantees, on the theory that in such cases vulnerability to suit contributes to the effectiveness of the Bank's operations." *Lutcher S. A. Celulose E Papel and F. Lutcher Brown v. Inter-American Development Bank,* 127 U.S. App. D.C. 238, 7; 382 F.2d 454, 456 (D.C. Cir. 1967)

The same language appears in IFC's Articles of Agreement, Article VI, Section 3 (Attached as Exhibit 2); and the same reasoning applied by the District Court also applies to the facts before this court. This suit is brought by bondholders and creditors of the bank owned by IFC invoking theories of vicarious liability or piercing the corporate veil applicable under Uruguayan law and negligence and omission of supervisory duties under Uruguayan law. Defendant has waived immunity not for individualized cases, as the court notes, but rather as understood by the court, under broader circumstances and under the theory that potential corporate liability encourages honesty and effectiveness in the bank's operations.

In addition, IFC would not be immune under the "commercial activity" exception of 28 U.S.C. 1605(a)(2) see *Reiss v. Societe Centrale,* 98 CV 8302 USDC SDNY (2003)

## II. This Court Has Subject Matter and In Personam Jurisdiction Over Defendant.

Pursuant to 28 USC §1330(a), Actions Against Foreign States, District courts have original jurisdiction without regard to the amount in controversy for non-jury civil actions against foreign

states as defined in section 1603(a). Pursuant to subsection (b) personal jurisdiction exists for every claim for relief over which the District courts have jurisdiction under subsection (a).

The International Organizations Immunity Act states that "international organizations shall enjoy the same immunity from suit and every form of judicial process that is enjoyed by foreign governments, except to the extent that such organizations may expressly waive their immunity for the purposes of any proceeding or by the terms of any contract. 22 U.S.C.S. §288.

But jurisdiction over defendant lies not exclusively with the federal courts in D.C. Defendant has defended cases in New York's Southern District as well as other districts outside of the District of Columbia.[1] Further, IFC is a corporation registered with the New York State Department of State ("DOS") since 8/4/87 and is still listed as an active domestic business corporation (see enclosed computer record from DOS, Exhibit 3[2]).

In addition, the Banco de Montevideo Bond issue, to which Banco de Seguros del Estado ("BSE") and many of the Steigward Plaintiffs subscribed expressly consents to jurisdiction in the Courts of New York, borough of Manhattan for any action arising out of the notes. (Exhibit 4).

Additionally, the Subscription Agreement, signed between IFC and Banco de Montevideo on 11/27/01 where IFC purchased 9.16% of the shares of Banco Montevideo, provides in § 5.02 that the laws of New York are applicable (Exhibit 5).

Finally, in §5.06(c) of the *Put Option and Tag Along Agreement,* attached as Exhibit 1, the parties agree that a suit against IFC may be brought "in any court of the United States of America."

---

[1] See *In the Matter of Concesionaria* DHM S.A. v. IFC USDC, SDNY (03 CV 845 JGK) (motion for dismissal on the grounds of Forum Non Conveniens denied).

[2] Exhibits attached to assist the court in resolving factual issues in deciding the question of jurisdiction. *See Madison Hughes v. Shalala,* 80 F.3d 1121, 1130 (6th Cir. 1996). In resolving the issue of subject matter jurisdiction, the district court can refer to evidence outside of the pleadings. *Luckett v. Bure,* 290 F.3d 493, 496-7 (2d Cir. 2002). The attachements of exhibits to an FRCP 12(b)(1) motion does not convert it to an FRCP 56 motion. *Gonzalez v. U.S.* 284 F. 3d 281, 299 (1st Cir. 2002).

### III. Venue is Proper In New York

The Southern District of New York is an appropriate venue because IFC is subject to personal jurisdiction in this district. IFC is an active domestic business corporation registered with the NewYork Department of State. The bond issue, to which BSE and many of the Steigwardt plaintiffs subscribed, issued by Banco Montevideo, expressly chooses to jurisdiction in the courts of New York, borough of Manhattan for any action arising out of the notes, demonstrating that Defendants anticipated the possibility of defending litigation in New York City. (Exhibit 5)

Pursuant to 28 U.S.C. §1331(b), "a civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law be brought only in ... (ii) a judicial district where any defendant resides, if all defendants reside in the same State..." Subsection (c) goes on to state that "for purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

Also, 28 U.S.C. §1391(e) states that "where the defendant is the United States or an agency thereof, or an officer employer, etc., of the United States acting in official capacity, a civil action may be brought where: (i) a defendant resides." For purposes of venue, a corporation is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. §1391(c); See also *Pure Oil Co. v. Suarez*, 384 U.S. 202, 204 (1996).

The plaintiffs, purchasers of bonds from Banco Montevideo, anticipated that in case of default, they would have to sue in New York. Similarly, Banco Montevideo and IFC also

anticipated litigating bank-related disputes in New York as memorialized in their agreement. (Exhibits 5)

Finally, IFC has not alleged that litigation in New York is not convenient, that witnesses or documents will not be available in New York or that the application of ROU law will be easier in a D.C. forum. Nor does it allege that the case should be sent to ROU. They request only that the case be removed because as movant states, "IFC cannot be sued out of DC." This statement is untrue as IFC can and has been sued elsewhere as evidenced by its own consent to jurisdiction and litigation outside of DC in contracts to which it is a signatory, but also applicable law and prior case history.[3]

## IV. Plaintiffs Have Stated A Proper Cause of Action Under Uruguayan Law and Have Provided Sufficient Notice of Foreign Law.

A motion to dismiss for failure to state a claim upon which relief can be granted is not appropriate unless the plaintiff's pleadings on their face show, beyond doubt, that the plaintiff cannot prove any set of facts that would entitled it to relief. *Medina-Claudio v. Rodriguez Mateo*, 292 F.3d 31, 34 (1st Cir. 2002); *Hickey v. O'Bannon*, 287 F.3d 656,657 (7th Cir. 2002). In ruling on an FRCP 12(b)(6) motion, the court cannot decide disputed fact issues but rather must assume all material facts in the complaint are true. *Davis v. Monroe City Bd. Of Education*, 526 US 629, 633 (1999).

Defendant disputes its liability under Uruguayan Law in its motion. Though the issue is inextricably connected to questions of fact regarding foreign law, Plaintiffs have pleaded sufficiently concerning defendant's liability under the Uruguayan theories of Negligence, Joint and Several Liability and the Uruguayan *Doctrine of Disregard*, a theory equivalent to our

---

[3] In fact this Court denied a forum non conveniens motion by IFC in *In the Matter of Concesionaria* DHM S.A. v. IFC USDC, SDNY (03 CV 845)

theory of *Piercing the Corporate Veil*. Banco de Seguros del Estado is suing as a bond holder of bonds of Banco de Montevideo that were never paid. Plaintiffs in the Stiegwardt case bring suit as bond-holders and depositors. Banco Montevideo is a debtor to all Plaintiffs, all of whom aim to disregard the corporate entity of Banco Montevideo to reach IFC, a shareholder with rights to appoint a Director to the Board, and who by tortious negligence and omission caused harm to the plaintiffs, to whom it is joint and severally liable.

### A. Negligence Under Uruguayan Law

Uruguayan law is applied because the tort was committed in Uruguay and the corporation whose veil is pierced is a Uruguayan Corporation. See *George Abu Nassar et al. v Elders Futures Inc*, USDC, SDNY 88 CV 7906. Plaintiffs have cited both quotations of the law and citations, stating the obligations of defendant and how defendant failed to fulfill those obligations, giving rise to liability. With the complaint, Plaintiffs served and filed an affidavit dated 12/7/05 by Dr. Gabriel Galan, an attorney admitted to practice law in Uruguay, addressing the existence of causes of action under Uruguayan law (attached as Exhibit 6). Dr. Galan's affidavit directly refutes the affidavit of Dra. Ramon concerning the vicarious liability through omission of IFC. Dr. Galan now submits an additional affidavit (Exhibit 7) further refuting the points of Uruguayan law raised Dra. Ramon. While we are enclosing a copy of said 2nd Galan affidavit with a facsimile signature, the original is being legalized at the US consulate in Montevideo and will be filed upon receipt.

For instance, Plaintiffs give notice of intent to apply Uruguayan Civil Code Sections 1319, 1324 and Law No. 16060, Sections 396 and 83, Article 25 of Uruguayan Banking regulations. As owner of Banco Montevideo, defendant had an obligation to institute and implement internal controls to prevent fraud.

7

## B. Economic Group, Vicarious Liability, Disregard of the Corporate Entity

Those depositors listed in the Stiegwardt complaint who sue as creditors of Trade and Commerce Bank ("TCB") are within their rights to do so under Uruguayan law because TCB and Banco Montevideo belong to the same economic group, making them jointly and severally liable.

Defendants misrepresent issues in their moving papers when, for example, they assert on Page 9, first paragraph, that the liabilities of the members of an economic group remain separate. The decision of Uruguayan Judge Rodriguez de Mascardi (Exhibit 8), specifically holds that Banco de Montevideo is liable to the creditors of TCB, another member of this economic group.

Though Defendant denies the existence of an economic group (known as "Peirano Group", or "Velox Group" in different countries) the fact is corroborated by the referred judgment dated May 11, 2005 of Judge Teresita Rodriguez Mascardi wherein page 3 holds that an economic group in fact exists. The decision further states that the corporate entity of TCB is disregarded, and that Banco de Montevideo is joint and severally liable for claims against TCB. (See Exhibit 8 for translation of relevant sections.) Specifically, the Judge states:

*1 - at Page 3
The BM/CO and TCB conform an economic group, both have common partners and shareholders, the stationery uses the same logo, the public perception, similar line of work, family relationships between shareholders, directors or managers and legal counsel, proximity of offices, unity in the decision making center.

*2 – at Page 3
In different entities, relationships that were made known when the investor sought a safe place, BM/CO's own conduct, created or helped create an appearance of joint guarantee of the group. Also, we must have present the disregard of the corporate entity and that it is not objectionable when it is used to commit a fraud against the law or against the rights of 3rd parties.

*3 – at Pages 18/19
Decision:
Partially accepting the complaint, declaring the disregard of the
corporate entity of TCB and accordingly, considering Banco
Montevideo S.A., TCB Mandatos, and Dante and Jose Peirano,
jointly and severally liable to compensate the harm in the amount
claimed in this case.

## C. Pursuant to the Federal Rules, Plaintiffs Provided Proper Notice of Foreign Law

Having clearly stated the substance of the law which presently applies to this case, the

duties created and the breach of the duties by the defendant, plaintiffs have stated a cause of

action. Further, plaintiffs have complied with FRCP 44.1 by providing in their Complaints,

reasonable written notice of the intent to raise issues concerning the laws of Uruguay. In

addition, attached to the complaint, Plaintiffs also included affidavits from an attorney admitted

to practice law in Uruguay, Dr. Gabriel Galan, attesting to the sufficiency of the legal basis to

allege a cause action against defendant. Inasmuch as Defendant now presents an affidavit of

another Uruguayan attorney, Dra. Laura Ramon, who disagrees with the position of Dr. Galan

Imola, this disagreement is an issue of fact to be decided at trial. See *Byrne v. Cooper*, 11 Wn

App 549; 523 P. 2d 1216.

## V. This Court May Fairly Resolve This Case Without Mandatory Joinder of Other Parties.

Defendants have failed to meet their burden for producing evidence identifying the scope and

nature of the absent party's interest in the litigation and showing that protection of that interest

will be jeopardized by the party's absence. *Citizen Band Potawatomi Indian Tribe v. Collier*, 17

F.3d 1292, 1293 (10th Cir. 1994).

Joinder of other parties is unnecessary and is not legally required to achieve a fair resolution

in this case. Under Rule 19, a party is required for fair adjudication if " (a) complete relief

cannot be given to existing parties in her absence; (b) disposition in her absence may impair her

9

ability to protect her interest in the controversy; or (c) her absence would expose existing parties to substantial risk of double or inconsistent obligations."

Furthermore, the Supreme Court has held in *Temple v. Synthes Corp*, 498 U.S. 5 (1990) that joint tortfeasors, subject to joint and several liability are not required for just adjudication of claims. The complaint alleges negligence on the part of the defendant in failing to appoint a director to which it was entitled, to supervise the bank authorities, and an additional allegation is made that under the laws of Uruguay, it is joint and severally liable with the other shareholders and directors, for the tortious harm caused to plaintiffs herein. As cited in *Temple*, "it has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit. See *Lawlor v. National Screen Service Corp.*, 349 U.S. 322; *Bigelow v. Old Dominion Copper Mining and Smelting Co.* 255 U.S. 111. Further, the Advisory Committee with reference to the 1966 revision of Rule 19(a) notes that "a tort feasor with the usual joint and several liability is merely a permissive party to an action against another with like liability."

In this case, because Defendant is being sued as a joint tort-feasor with joint and several liability under Uruguayan law[4], it is therefore unnecessary to join the parties which the defendant refers to as indispensable. Complete relief is possible and as Plaintiffs sue for compensatory damages to recover for each own's harm. No legally protected interest of joint tort-feasors is affected by litigation. FRCP 19(a)(1); *Dawavendewa v. Salt River Project Agric. Imprv. & Power Dist.*, 276 F. 3d 1150, 1155 (9th Cir. 2002).

## VI. Service of Process Was Timely.

Defendant's Argument arises from the fact that they removed a different complaint (06 CV 2426) previously filed by Plaintiff but later not pursued. The latter Stiegwardt Complaint was filed on December 30, 2005 and served on January 5, 2006 and later removed to USDC under

Index No. 06 CV 3739. This complaint was timely served and the Affidavit of Service was filed with the Court. (Exhibit 9). Accordingly, Plaintiff has complied with the procedural requirements regarding service of process.

## Conclusion

For all the foregoing reasons, defendants' motion to dismiss should be denied in its entirety.

Dated: June 15th, 2005

Respectfully Submitted,

Moreira and Associates, PLLC

By:

Jorge W. Moreira (JM 2508)
130 W. 42nd St. Suite 714
New York, NY 10036
Tel: 212-398-8600
Fax: 212-398-9425

---

[4] See Galan affidavit of 12/7/05 attached as Exhibit.