UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BANCO DE SEGUROS DEL ESTADO,

    *Plaintiff,*

    *v.*

INTERNATIONAL FINANCE
CORPORATION,

    *Defendant.*

Case No.: 06 CV 2427 (RCC)

# DEFENDANT INTERNATIONAL FINANCE CORPORATION'S
# REPLY IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

**WHITE & CASE LLP**

Francis A. Vasquez, Jr. (FV-1446)
Frank Panopoulos (FP-6975)
701 Thirteenth Street, N.W.
Washington, D.C. 20005-3807
(202) 626-3600

*Attorneys for International Finance Corporation*

July 14, 2006

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| ARGUMENT | | 1 |
| I. | SUBJECT MATTER JURISDICTION IS NOT PROPER OVER IFC BECAUSE IFC HAS NOT WAIVED ITS IMMUNITIES IN CONNECTION WITH THIS SUIT | 1 |
| II. | PERSONAL JURISDICTION OVER IFC IS NOT PROPER IN NEW YORK | 1 |
| III. | VENUE FOR THIS ACTION IS NOT PROPER IN NEW YORK | 1 |
| IV. | PLAINTIFFS STILL HAVE NOT PROPERLY SERVED THE STIEGWARDT COMPLAINT | 1 |
| V. | PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED | 2 |
| | A. Foreign Law Determinations Are A Matter Of Law, Not Fact | 2 |
| | B. Plaintiffs Fail To State Any Claim Under Uruguayan Law | 2 |
| | 1. Plaintiffs Fail To State A Claim For Negligence | 3 |
| | 2. Plaintiffs Fail To State A Claim For Joint And Several Liability | 4 |
| | 3. Plaintiffs Fail To Pierce The Corporate Veil | 5 |
| VI. | PLAINTIFFS HAVE FAILED TO JOIN NECESSARY AND INDISPENSABLE PARTIES | 6 |
| CONCLUSION | | 7 |

# TABLE OF AUTHORITIES

Federal Cases                                                                                                    Page(s)

*Circle Indus. v. City Fed. Sav. Bank*, 749 F. Supp. 447 (E.D.N.Y. 1990),
    *aff'd*, 931 F.2d 7 (2d Cir. 1991) .................................................................................... 6

*Ecoban Fin. Ltd. v. Grupo Acerero del Norte, S.A.*,
    108 F. Supp. 2d 349 (S.D.N.Y. 2000) ............................................................................ 2

*Estrella v. V & G Mgmt. Corp.*, 158 F.R.D. 575 (D.N.J. 1994) ....................................... 6


Federal Statutes

Fed. R. Civ. P.12(b)(1) ........................................................................................................ 1

Fed. R. Civ. P. 12(b)(2) ....................................................................................................... 1

Fed. R. Civ. P. 12(b)(3) ....................................................................................................... 1

Fed. R. Civ. P. 12(b)(5) ....................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ....................................................................................................... 1

Fed. R. Civ. P. 12(b)(7) ....................................................................................................... 1

Fed. R. Civ. P. 19 ................................................................................................................ 6

Fed. R. Civ. P. 44.1 ............................................................................................................. 2

International Finance Corporation ("IFC") hereby submits this Reply in Support of its Motion to Dismiss the Complaint in *Banco de Seguros del Estado v. International Finance Corporation*, 06 CV 2427 (RCC) (S.D.N.Y.). As with its initial memoranda, IFC submits its arguments in connection with its Motion to Dismiss under Rules 12(b)(6) and 12(b)(7) in this reply, and incorporates by reference the briefing in support of dismissal under Rules 12(b)(1)-(3) and 12(b)(5) from the reply memorandum in the related action, *Stiegwardt v. International Finance Corporation*, 06 CV 3739 (RCC) (S.D.N.Y.). As set forth herein, both actions should be dismissed with prejudice.

## ARGUMENT

### I. SUBJECT MATTER JURISDICTION IS NOT PROPER OVER IFC BECAUSE IFC HAS NOT WAIVED ITS IMMUNITIES IN CONNECTION WITH THIS SUIT

The argument on this issue from IFC's Reply in Support of its Motion to Dismiss the *Stiegwardt* Complaint is incorporated by reference in its entirety.

### II. PERSONAL JURISDICTION OVER IFC IS NOT PROPER IN NEW YORK

The argument on this issue from IFC's Reply in Support of its Motion to Dismiss the *Stiegwardt* Complaint is incorporated by reference in its entirety.

### III. VENUE FOR THIS ACTION IS NOT PROPER IN NEW YORK

The argument on this issue from IFC's Reply in Support of its Motion to Dismiss the *Stiegwardt* Complaint is incorporated by reference in its entirety.

### IV. PLAINTIFFS STILL HAVE NOT PROPERLY SERVED THE STIEGWARDT COMPLAINT

The argument on this issue from IFC's Reply in Support of its Motion to Dismiss the *Stiegwardt* Complaint is incorporated by reference in its entirety.

## V. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. Foreign Law Determinations Are A Matter Of Law, Not Fact

Citing irrelevant law from the State of Washington, Plaintiffs state erroneously that the conflicting conclusions of the Uruguayan legal opinions submitted by the parties present an issue of fact to be addressed at trial. Memorandum of Law in Opposition to Defendant International Finance Corporation's Motion to Dismiss ("Opp'n") at 9. Under Rule 44.1 of the Federal Rules of Civil Procedure, however, a court's determination of foreign law "shall be treated as a ruling on a question of law." Fed. R. Civ. P. 44.1. Accordingly, the foreign law opinions of both parties may appropriately be reviewed and ruled on at the motion to dismiss level. *See, e.g.*, *Ecoban Fin. Ltd. v. Grupo Acerero del Norte, S.A.*, 108 F. Supp. 2d 349, 351 n.2 (S.D.N.Y. 2000) (noting that "questions of foreign law are questions of law, not fact" and granting motion to dismiss after review of parties' expert reports on Mexican law).

### B. Plaintiffs Fail To State Any Claim Under Uruguayan Law

Plaintiffs' arguments on the merits amount to little more than a cursory summation of their claims for negligence, joint and several liability, and piercing the corporate veil, as originally pleaded in the Complaints. *See* Opp'n at 6-9. In opposition to IFC's Motion, Plaintiffs offer only the additional affidavit of Dr. Gabriel Galán Imola ("Galán") which purportedly refutes the conclusions of Uruguayan law drawn by IFC's expert, Ms. Laura Ramón. *See* Opp'n Ex. 7. As discussed below, Dr. Galán's second affidavit actually validates Ms. Ramón's conclusions in most material respects, and reaffirms that Plaintiffs have failed to state a claim under Uruguayan law. IFC also submits the Reply Declaration of Laura Ramón dated July 11, 2006 ("Ramón Reply"), attached as Reply Exhibit C to the *Stiegwardt* reply memorandum, to

confirm the accuracy of her prior statements, and to refute any inaccurate claims of Uruguayan law made in Plaintiffs' Opposition and the second Galán affidavit.

### 1. Plaintiffs Fail To State A Claim For Negligence

For the reasons discussed in pages 5-8 of IFC's initial *Banco de Seguros* Memorandum, Plaintiffs fail to state a claim for negligence under Uruguayan corporate law (Law No. 16060) and tort law (Uruguayan Civil Code Article 1319). As a minority shareholder of Banco Montevideo, IFC cannot be held indirectly liable for the unlawful acts of the corporation, its officers or its directors. *Banco de Seguros* Mem. at 5-7. Moreover, liability cannot arise from IFC's decision not to participate in the administration or governance of the corporation. *Id.* at 6. By virtue of the Shareholders' Agreement, IFC had the right, and not the obligation, to designate a member of the Banco Montevideo board of directors. *Id.* at 7-8; *see also* Reply Ex. C, Ramón Reply ¶¶ 7(c), 12-13, 25 (describing the principle of freedom to not act, in the absence of a legal obligation, under Article 10 of the Constitution of the Republic of Uruguay).

Dr. Galán acknowledges that, under Uruguayan corporate law, "no consequence have [sic] been foreseen for that shareholder that—being entitled to it—has not appointed a director." Galán § 34; *see also Banco de Seguros* Mem. at 6-7. Consequently, "[L]aw No. 16,060 would leave IFC out of any trouble because, not having an [sic] appointed a Director, it would not be held liable before the society, the other shareholders, and third parties." Galán, § 30. More generally, Dr. Galán notes that "[t]o this we must add up the need of overcoming the limited liability system granted to corporations . . . . [which] would imply, in the hypothesis of this case, that IFC is not liable." *Id.* § 24. Plaintiffs' own legal expert affirms that Plaintiffs have failed to state a claim for negligence under Law No. 16060. *See id.*

Regarding Uruguayan tort law, Uruguayan Civil Code Article 1319 requires the existence and proof of four distinct elements, three of which—(i) an unlawful act, (ii) fraud or negligence,

3

and (iii) a causal link—are clearly absent here. *Banco de Seguros* Mem. at 7-8. Moreover, Plaintiffs' argument that IFC had an "obligation to institute and implement internal controls to prevent fraud," Opp'n at 7, is directly at odds with the freedom of shareholders under Law No. 16060 to not participate in matters of corporate governance. *See Banco de Seguros* Mem. at 6. Dr. Galán's additional claim that IFC committed an unlawful act merely by purchasing shares, thereby lending "support[]" and "an image of maximum soundness" to Banco Montevideo, Galán § 48, and should thereby somehow be held liable under an equitable application of Article 1319, likewise has no basis in the law. Reply Ex. C, Ramón Reply ¶ 18.

While Plaintiffs state that Uruguayan Civil Code Article 1324 also governs their negligence claim, Opp'n at 7, that statute in fact deals with the indirect and strict "liability for the act of a dependent." *Banco de Seguros* Mem. at 10-11. Regardless of the mischaracterization, article 1324 does not lend any support to Plaintiffs' claims. *Id.*[1]

### 2. Plaintiffs Fail To State A Claim For Joint And Several Liability

Plaintiffs' claim for joint and several liability must fail because it relies upon the erroneous assumption that IFC can be deemed a member of the Velox economic group. *Banco de Seguros* Mem. at 5; *see also* Opp'n at 8.[2] As a preliminary matter, Plaintiffs' expert Dr. Galán appears to concede that the economic group theory does not apply here: "[t]he fact that the stock of the societies capitalizing BM is practically all in the hands of the Peirano family excludes the possibility of applying the theory of the economic group hierarchy . . . ." Galán § 27. But, even if the Velox Group did exist, IFC could not have been a member of the Group—

---

[1] In addition, the theory of "culpa in vigilando" cited by Dr. Galán in the context of Law No. 16060, Galán § 19, was once linked to article 1324, but has since been abandoned under Uruguayan law. Reply Ex. C, Ramón Reply ¶ 15(b).

[2] Plaintiffs argue that "[t]hose depositors listed in the Stiegwardt complaint who sue as creditors of Trade and Commerce Bank ("TCB") are within their rights to do so under Uruguayan law because TCB and Banco Montevideo belong to the same economic group, making them jointly and severally liable." Opp'n at 8. Plaintiffs have never indicated, however, which depositors among them are suing as creditors of TCB. It is also unclear whether Plaintiffs' claim for joint and several liability pertains only to those unidentified TCB creditors.

and cannot incur joint and several liability—solely through its ownership of a minority interest in Banco Montevideo.  *Banco de Seguros* Mem. at 9-11.

The Uruguayan decision which Plaintiffs treat as dispositive on the joint and several liability issue, Opp'n at 8-9, does not support their claim.  First, Plaintiffs have misleadingly quoted two introductory passages from the section of the opinion that merely recapitulates the parties' allegations, and does not form part of the judge's actual opinion.  Reply Ex. C, Ramón Reply ¶ 20.  Second, even if the decision stands for the proposition that Banco Montevideo may be held jointly and severally liable as a member of the Velox Group, Plaintiffs have not even attempted to argue that such liability could extend to IFC.  *See* Opp'n at 8-9.

### 3. Plaintiffs Fail To Pierce The Corporate Veil

Plaintiffs' related claim for piercing the corporate veil under the "disregard of the corporate entity" must also fail, even if the facts alleged in the Complaints are taken as true.  *Banco de Seguros* Mem. at 9-10.  Under article 189 of Law No. 16060, the mere existence of an economic group is not alone sufficient to apply the theory of disregard.  *See id.*  Piercing the corporate veil requires some fraudulent use of the corporate entity, and applies only to direct participants in such fraudulent acts or omissions.  *Id.* at 10.  Absent some fraudulent use of the corporate entity, shareholders like IFC are not subject to liability.  *Id.* at 9.

In fact, the Uruguayan decision which Plaintiffs so heavily rely upon actually holds that it is "well known" that the existence of an economic group, without intervening fraudulent conduct, does not provide sufficient grounds for piercing the corporate veil.  Reply Ex. C, Ramón Reply ¶ 21.  The court dismissed the claim against one of the parties, Banco La Caja Obrera ("BCO"), because BCO did not participate in the alleged fraud and could not be held liable simply by belonging to the Velox Group.  *Id.* ¶¶ 21(c), 22(d).  Plaintiffs chose not to translate that part of the ruling.  *See* Opp'n at 8-9.  Because Plaintiffs' own pleadings indicate

that IFC did not participate in any of the alleged fraudulent schemes, the corporate veil cannot be pierced, and IFC cannot be held liable. *Banco de Seguros* Mem. at 9-10.

## VI. PLAINTIFFS HAVE FAILED TO JOIN NECESSARY AND INDISPENSABLE PARTIES

Plaintiffs have failed to join numerous parties identified in the Complaints as principally and directly responsible for the unlawful conduct of the Velox Group and the failure of Banco Montevideo. For the reasons discussed in pages 11-18 of the *Banco de Seguros* Memorandum, the missing parties are necessary and indispensable to these actions, and the failure to join them warrants dismissal under Rule 19 of the Federal Rules of Civil Procedure.

When, as here, the alleged conduct of non-joined parties is central to the plaintiffs' claim, complete relief cannot be accorded in their absence. *See Circle Indus. v. City Fed. Sav. Bank*, 749 F. Supp. 447, 456 (E.D.N.Y. 1990), *aff'd* 931 F.2d 7 (2d Cir. 1991) (holding that the lead bank and sole negotiator in a lending consortium was a party "in whose absence complete relief cannot be accorded among those already parties") (internal quotations omitted); *see also Estrella v. V & G Mgmt. Corp.*, 158 F.R.D. 575, 580 (D.N.J. 1994) (holding that absence of the "alleged direct tortfeasor . . . could result in the named defendants incurring greater liability than they otherwise would, or it could preclude plaintiffs from receiving complete relief").

Plaintiffs' argument that joinder of the absent parties is not mandatory because they are joint tortfeasors with IFC, Opp'n at 10, is without merit. As discussed above and in pages 9-11 of the *Banco de Seguros* Memorandum, these parties cannot be joint tortfeasors with IFC because Plaintiffs have failed to state a claim for joint and several liability.

## **CONCLUSION**

For all the foregoing reasons and those in IFC's Memoranda of Law in Support of its Motions, the Court should grant IFC's Motions and dismiss the Complaints.

Dated: Washington, D.C.
July 14, 2006

Respectfully submitted,

**WHITE & CASE LLP**

/ S / Francis A. Vasquez, Jr.
Francis A. Vasquez, Jr. (FV-1446)
Frank Panopoulos (FP-6975)
701 Thirteenth Street, N.W.
Washington, D.C. 20005-3807
(202) 626-3600

*Attorneys for International Finance Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant IFC's Reply in Support of Its Motion to Dismiss the Complaint was served this 14th day of July, 2006 by Federal Express to Plaintiffs' counsel, Jorge W. Moreira, Esq., Moreira and Associates PLLC, 130 W. 42nd Street, Suite 714, New York, NY 10036.

/S/ Jonathan C. Ulrich
Jonathan C. Ulrich